**SO ORDERED.**

**SIGNED this 03 day of May, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| PORFIRIOR T. MENDOZA & JOSEFA MENDOZA | 01-52469-C |
| *DEBTORS* | CHAPTER 7 |
| PORFIRIOR T. MENDOZA & JOSEFA MENDOZA | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 06-5032 |
| AMERICREDIT FINANCIAL SERVICES, INC. | |
| *DEFENDANT* | |

### ORDER ON PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

CAME ON for consideration the foregoing matter. The plaintiffs seek dismissal of two counterclaims, one for contempt and the other for conversion. Plaintiff also threatens sanctions under Rule 9011 and to recover attorneys' fees under 28 U.S.C. § 1927.

The request to dismiss the counterclaim for contempt of the discharge injunction is granted. There is nothing in section 524 which can be read to impose any duties on a debtor post-discharge,

unless the debtor has affirmatively agreed to reaffirm a debt to a given creditor (which has not taken place here). It is true that a discharge does not eliminate debt, as defendant accurately states in its counterclaim, and that the debt remains as a basis for enforcing a lien on property retained by the debtor, as occurred here. *See Arruda v. Sears Robuck &* Co., 237 B.R. 332, 350 (D.R.I. 2002) (applying principle in an action brought by a discharged debtor in a FDCPA case against a creditor seeking recovery of its collateral post-discharge); *see also*, *In re Mosby,* 244 B.R. 79, 87 (Bankr. E.D.Va. 2000). Liens ride through bankruptcy, *see* 11 U.S.C. § 501, and discharges only enjoin the collection of a debt as a *personal* liability against the debtor, not as an *in rem* claim against collateral securing the debt. *See* 11 U.S.C. § 524(a). That said, if the debtor fails to surrender the vehicle post-discharge, then the creditor has only its state law remedies for enforcement. Nothing in section 524 itself requires either the affirmative surrender of collateral or the payment of the debt.[1] Both of those obligations are set by state law, and enforced under state law (though not normally by an action for contempt). There is no legal basis for holding the debtor in contempt under section 524 of the Bankruptcy Code, as pled by the defendant counterclaimant. Thus, the counterclaim for contempt is dismissed.

The counterclaim for conversion is a different matter. Regardless what affirmative defenses the plaintiff might have, those affirmative defenses do not form a basis for finding that no claim is stated and the court declines to treat this motion as one for summary judgment. The claim for conversion is validly stated. A lender with a security interest in a vehicle can make a claim for conversion under state law. *See Plano Discount Brake & Wheel Alignment, Inc. v. American General Finance*, 1999 WL 810095 (Tex.App. – Dallas 1999, no writ), *citing Buffalo Pitts Co. v.*

---

[1] The court is aware of the Fifth Circuit's ruling that a car loan *must* be reaffirmed. *See Johnson v. Sun Finance Co. (Matter of Johnson)*, 89 F3d 249 (5th Cir. 1996). That case failed to address the question of remedy, however. In other words, suppose a debtor fails to reaffirm? What then? Prior to discharge, the obvious remedy is relief from stay (as is now the law under BAPCPA), but post-discharge? There appears to be no remedy in the Code.

*Stringfellow-Hume Hardware Co.*, 129 S.W. 1161, 1162 (Tex.Civ.App. – 1910, no writ); *see also General Motors Acceptance Corp. V. Wilcox*, 95 S.W.2d 1368, 1369-70 (Tex.Civ.App. – Austin 1936 no writ) (citing *Buffalo Pitts Co.*, as well). Further, the counterclaim arises out of the same common nexus of facts as alleged in the complaint, making the counterclaim compulsory. *See* FED.R.CIV.P. 13(a). Under the logical relationship test, the court has jurisdiction over such counterclaims, even though the court might not have had jurisdiction had the claim been brought on its own. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974); *see also City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123 (6th Cir. 1978); *Jones v. Ford Motor Credit Corp.*, 358 F.3d 205, 210 (2nd Cir. 2004) (finding that same rule would apply even to permissive counterclaims); *see also* 28 U.S.C. § 1367 (supplemental jurisdiction over claims that are "so related to claims in the action ... that they form part of the same case or controversy ..."). Thus, it is not appropriate to dismiss the claim asserted for conversion.

A motion for sanctions under Rule 9011 cannot be brought by a party unless the party has first afforded its opponent an opportunity to cure the offending pleading. Plaintiff here has failed to plead that such an opportunity was afforded the defendant counterclaimant, much less demonstrate that such an opportunity was afforded (such as by attaching a copy of correspondence, for example). The motion for sanctions is accordingly dismissed.

A motion under section 1927 of title 28 is premature at this stage of the case. Nothing in the pleadings remotely supports the notion that counsel is vexatiously multiplying litigation when the docket reflects nothing more than an answer and a justifiably counterclaim filed by the defendant. Indeed, at this stage of the proceeding, were section 1927 to be applied based upon the state of the pleadings to date, it would more appropriately be leveled at counsel for the plaintiff. The motion under 28 U.S.C. § 1927 is dismissed without prejudice.

# # #